HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE B. YOUNG,

             Plaintiff,

       v.

PAUL SPIZMAN and DAVID HACKETT,

             Defendants.

Case No.: C05-5652-RBL

ORDER

**I.     Introduction**.

      This matter comes before the Court on the Defendant Paul Spizman's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), [Dkt. #5], as well as the Defendant David Hackett's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), [Dkt. #13], the Plaintiff's Motion to Cease and Desist Removal to Federal Court for Want of Federal Jurisdiction, [Dkt. #6], and the Plaintiff's Motion to Have Defendant David Hackett Clarify Criteria for Civil Commitment Under Wash. Rev. Code § 71.09, [Dkt. #21].  Andre B. Young (the "Plaintiff") brought an action pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights by relying on false information to conclude that the Plaintiff is a sexually violent predator (an "SVP") under Wash. Rev. Code § 71.09.020(16).  The Plaintiff is a civil detainee, and is presently confined at the Special Commitment Center (the "SCC") for SVP's on McNeil Island, Washington.

1    **II.    Discussion.**

2        **A.  Federal Rule Civil Procedure 12(b)(6) Standard.**

3        A motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be

4    granted only if, accepting all of the allegations of material fact as true, and construed in the light most

5    favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which

6    would entitle him to relief.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The

7    plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact

8    fail to state a claim for relief.  *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

9    Dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts

10   alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th

11   Cir. 1990).

12        **B.  Plaintiff's Claim Must Be Brought As a Petition for a Writ of Habeas Corpus**.

13       The notion that a detainee must exhaust all available state remedies before bringing any federal

14   action for alleged constitutional violations is reinforced by the Court's reasoning in *Heck v. Humphrey*, 512

15   U.S. 477 (1994).  There, the Court expounded upon this longstanding and well-established rule and held

16   that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §

17   1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the

18   grant of a writ of habeas corpus."  *Id.* at 489.  The Court further explained that "when a state prisoner

19   seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff

20   would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

21   dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

22   *Id.*  This reasoning implies that in these circumstances the challenge must be brought as a petition for writ

23   of habeas corpus, not as a § 1983 claim.

24       Here, the Plaintiff argues that the Defendant's work on the annual forensic evaluations is tainted by

25   false information.  This annual review is consistently relied upon by the Department of Social and Health

26   Services (the "DSHS") and the state court in determining whether continued detention is appropriate.  This

27   claim implies the invalidity of the Plaintiff's continued confinement at the SCC.  As such, the Plaintiff's

28   claim properly lies in a petition for a writ of habeas corpus.

Although the facts of *Heck v. Humphrey* involved the rights of a plaintiff who was confined in a state prison, the reasoning is still applicable to the case civil commitment. *Huftile v. L C Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). The federal habeas corpus statute applies to all levels of hearings and is commonly brought to challenge a person's civil commitment to a state hospital, institution, or commitment center. Indeed, in the 2001 case of *Seling v. Young*, 531 U.S. 250 (2001) this very same Plaintiff, who was being held at the SCC, utilized the petition for a writ of habeas corpus as the vehicle for arguing that the State of Washington's SVP statute was unconstitutional. *Id.* at 253.

### C.     The Defendant Is Entitled to Qualified Immunity.

The Defendant is entitled to qualified immunity from liability for civil damages insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When following the rules under Wash. Rev. Code § 71.09, in order to determine whether the Plaintiff was a SVP, the Defendant could have reasonably believed that any issues regarding the reliability of information in the Plaintiff's clinical records would have been appropriately handled in the state court civil commitment proceedings. The Defendant is, therefore, entitled to qualified immunity under the reasoning of *Harlow v. Fitzgerald*.

The Defendant Paul Spizman's Motion to Dismiss is hereby GRANTED. For the same reasons, the Court also GRANTS the Defendant David Hackett's Motion for Judgment on the Pleadings, and the clerk is instructed to enter judgment for the Defendants and dismiss this case. The Court strikes the Plaintiff's Motion to Have the Defendant David Hackett Clarify Criteria for Civil Commitment Under Wash. Rev. Code § 71.09 as frivolous.

### D.     The Plaintiff's Claim Supports Federal Question Jurisdiction.

The Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the Defendants violated his First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. Consequently, this Court has federal question jurisdiction. The Plaintiff's Motion to Cease and Desist Removal to Federal Court for Want of Federal Jurisdiction is therefore DENIED.

1

2

3      IT IS SO ORDERED.

4      DATED this 9th day of January, 2006.

5

6

7                                          _____
                                           RONALD B. LEIGHTON
8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4